IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| SAPHELIA HIGHSMITH, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 04 - 801 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| Defendants. | : | |

---

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 6th day of June, 2006, upon consideration of Plaintiff's Motion for Award of Attorney's Fees Pursuant to 28 U.S.C. § 2412, The Equal Access To Justice Act (Document No. 20, filed August 30, 2005), and Defendant's Brief in Opposition to Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act (Document No. 23, filed September 30, 2005), **IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees is **GRANTED** and defendant shall **PAY TO** plaintiff's counsel, Eric J. Fischer, Esquire, the total sum of $5,912.54, representing attorney's fees and other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

### MEMORANDUM

**I.  FACTS**

On November 19, 1996, plaintiff applied for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff alleged disability since

1

November 13, 1993 because of shortness of breath, chest pain, coughing, and fatigue attributed to sarcoidosis.[1]  On February 11, 2002, an Administrative Law Judge ("ALJ") issued a decision finding that plaintiff could perform a significant range of light work and, thus, was not disabled under the Social Security Act.  On November 17, 2003, plaintiff's counsel submitted a statement to the Appeals Council regarding the ALJ's decision.  The Appeals Council denied review and, therefore, the ALJ's decision became the final decision of the Commissioner.

On February 27, 2004, plaintiff filed a Complaint in this Court, seeking review of the Commissioner's decision pursuant to 28 U.S.C. § 405(g).  The parties then filed Cross-Motions for Summary Judgment.  Thereafter, the case was referred to Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. On May 23, 2005, Magistrate Judge Wells issued a Report and Recommendation ("R&R") and recommended that the case be remanded to the Commissioner for further development of the record.  By Order dated June 27, 2005, this Court adopted the R&R of Judge Wells.

Presently before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Court concludes that plaintiff's counsel is entitled to attorney's fees under the EAJA because plaintiff was the prevailing party and the Commissioner's position was not substantially justified.  However, because the Court concludes that counsel's request for fees is, in part, unreasonable, the Court has reduced the award from $6,939.67 to $5,912.54.

---

[1] Sarcoidosis is a disease that causes inflammation of the body's tissues.  It produces small lumps (also called nodules or granulomas) in the tissues, and can occur in any organ.  See Report & Recommendation at 1-2 n.2.

## II.     ANALYSIS

A prevailing party is entitled to attorney's fees unless "the court finds that the position of the [Commissioner] was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The "position" of the Commissioner includes her litigation position in federal court as well as any agency position that preceded and necessitated the litigation. Washington v. Heckler, 756 F.2d 959, 960 (3d Cir. 1985). The burden of proving substantial justification rests with the Commissioner. Id. In order to meet her burden, "the [Commissioner] must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id.

The prevailing party is not entitled to attorney's fees solely because the Commissioner loses the underlying case. Dougherty v. Lehman, 711 F.2d 555, 566 (3d Cir. 1983). The Commissioner's position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In other words, the Commissioner's position is substantially justified "if it has a reasonable basis in both law and fact." Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998); see also Russell v. Heckler, 814 F.2d 148, 153 (3d Cir. 1987) ("[A] legal position is substantially justified if it relates to an unsettled or close question of law, but not if it offends established precedent.").

Based on this Court's Order, dated June 27, 2005, remanding the case to the Social Security Administration for further proceedings, the plaintiff was the prevailing party in this litigation. Thus, the Court begins its analysis by determining whether the Commissioner's position was substantially justified. The Court concludes that it was not.

### A. The Commissioner's Position Was Not Substantially Justified

The Commissioner argues that the mere fact that the case was remanded on substantial evidence review does not mean that the Commissioner's position in pursuing the case was not substantially justified. Def. Br. at 3. Instead, the Commissioner contends that her position in this case was substantially justified, because it had a reasonable basis in fact and law. Id. at 4.

First, the Commissioner contends that the ALJ's finding that plaintiff's sarcoidosis was not disabling was reasonable because the ALJ relied on the testimony of the impartial medical expert, Dr. Daniel Lewis, "who stated that stage one sarcoidosis would not result in shortness of breath at the level described by Plaintiff." Id. at 5. The Commissioner adds that the ALJ's reliance on Dr. Lewis was reasonable because "[n]othing in the cross examination . . . altered his overall opinion that neither Plaintiff's stage one sarcoidosis nor her medications would cause the degree and extent of her alleged symptoms." Id. at 8.

Second, the Commissioner argues that the ALJ properly gave little weight to the non-exertional, mental functional limitations assessment provided by plaintiff's treating physician, Dr. Susan A. Gregory. Id. at 7. In support of this contention, the Commissioner points out that plaintiff made no complaints of mental functional limitations throughout the medical records, Dr. Gregory is a pulmonologist, not a mental health provider, and Dr. Gregory's assessment was ambiguous. Id. at 7-8. Third, the Commissioner contends that her position was substantially justified because there was evidence in the record that supported the ALJ's finding that plaintiff's complaints of physical limitations were not fully credible. Id. at 9.

The Court agrees with Judge Wells that the ALJ properly discredited Dr. Gregory's assessment of plaintiff's non-exertional, mental functional limitations. Nevertheless, the Court

concludes that the Commissioner's position – viewed as a whole – was not substantially justified. This conclusion is based on the numerous errors made by the ALJ at almost every step of the disability analysis. These errors are outlined below.

1. <u>The ALJ Misunderstood the Nature of Plaintiff's Sarcoidosis</u>

Judge Wells concluded that the ALJ and the medical expert, Dr. Lewis, misunderstood the nature of plaintiff's sarcoidosis. R&R at 19. Specifically, Judge Wells stated that the ALJ improperly found that there was no evidence of any medical documentation of sarcoidosis before 1999 and improperly concluded that plaintiff's sarcoidosis was acute, rather than chronic. Id. at 19-21. Judge Wells also determined that Dr. Lewis made, and the ALJ relied upon, several misleading statements about sarcoidosis, including the fact that plaintiff's sarcoidosis could not have caused her shortness of breath. Id. at 22-23. Based on the medical literature, Judge Wells explained that shortness of breath is a common symptom of sarcoidosis. Id. at 23. The Court agrees with that analysis.

2. <u>The ALJ Failed to Consider All of Plaintiff's Credible Impairments</u>

With respect to the ALJ's consideration of plaintiff's impairments, Judge Wells first noted that the ALJ should have included plaintiff's obesity in his Step Two determination of plaintiff's severe impairments, because plaintiff's obesity was established by objective medical evidence. Id. at 24. Second, Judge Wells concluded that the ALJ erred in his analysis at Step Three because the ALJ failed to apply the medical evidence of plaintiff's cardiac abnormalities, bilateral knee pain, and lower back pain to the listing of obesity to determine if plaintiff's combined impairments equaled the listing. Id. at 25. The Court agrees with Judge Wells' analysis.

### 3. The ALJ's Residual Functional Capacity Decision Was Not Supported By Substantial Evidence

Judge Wells concluded that the ALJ's finding that plaintiff has the residual functional capacity to perform work at the light exertional level was not supported by substantial evidence. Id. at 30.  In doing so she pointed to the failure of the ALJ to properly credit plaintiff's complaints of fatigue and shortness of breath as confirmed by significant medical evidence.  Id. at 26.  Judge Wells also noted that "as with the general nature of Plaintiff's disease, the ALJ based his assessment of Plaintiff's subjective complaints on inaccurate information the [medical expert] provided regarding the potential side effects of her medications." Id. at 28.  Given the evidence of plaintiff's exertional breathing problems, Judge Wells concluded that the ALJ failed to explain properly his basis for finding that plaintiff could stand and walk six hours in an eight hour workday and frequently carry ten pounds.  Id. at 29.  The Court agrees.

### 4. Conclusion

Based on the foregoing three points, it is clear that the Commissioner's position in defense of the ALJ's findings was not substantially justified.  Because the ALJ's determination was marred by errors throughout the disability analysis, the Commissioner's position lacked a reasonable basis in both law and fact.  Therefore, the Court concludes that plaintiff is entitled to counsel fees under the EAJA.

### B. Counsel's Request For Attorney's Fees Is Unreasonable In Part

The party seeking attorney's fees has the burden of proving that its request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary . . . ." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  In reviewing a request for fees, the Court has substantial discretion to fix the amount of an EAJA award. Commissioner, INS v. Jean, 496 U.S. 154, 161 (1990).  When making a determination of what amounts to a reasonable fee under the EAJA, "it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'"  United States v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000) (quoting Hensley, 461 U.S. at 437).

Plaintiff's counsel has requested $6,939.67 in fees.  Pl. Br. at 3.  The request is based on 43.6 hours of work at a rate of $158.02 per hour plus $50.00 for costs of litigation, including certified mailings and photocopies.  Id.  Plaintiff's counsel asserts that the hourly rate of $158.02 per hour represents the statutorily established rate specifically authorized by the EAJA (28 U.S.C. § 2412(d)(2)(A)), as adjusted for inflation.  Id.  The Commissioner argues that number of hours claimed by plaintiff's counsel should be reduced from 43.6 to 26.9, for a total EAJA fee award of $4,329.75, plus costs of $50.00.  Def. Br. at 18.  The Commissioner does not dispute plaintiff counsel's calculation of the appropriate hourly rate.  Id.

The following is an analysis of the reductions requested by the Commissioner.

### 1.   Review of File Prior to Filing the Complaint

The Commissioner argues that plaintiff's counsel should not be awarded any fees for the 1.5 hours spent on January 20, 2004 reviewing plaintiff's file prior to filing the complaint, because counsel represented plaintiff at the administrative level and was intimately familiar with the evidence in the case.  Id. at 11.

The Court concludes that the Commissioner's position is without merit.  While it is true that counsel's prior involvement in the case may reduce the time needed to file the complaint, the

Commissioner's argument that counsel remains intimately familiar with the case at all times assumes too much. Therefore, the Court does not deem the 1.5 hours billed for pre-complaint file review to be unreasonable and denies the Commissioner's request for this reduction.

### 2. Counsel's Meeting With Plaintiff

The Commissioner next contests the 2.5 hours plaintiff's counsel billed for preparing to meet with plaintiff (1.0 hour) and the actual meeting (1.5 hours) on February 10 and 11, 2004. Id. at 12. The Commissioner acknowledges that conferring with a client is reasonable before proceeding with the filing for judicial review. Id. However, the Commissioner contends that the requested 2.5 hour exceeds a reasonable billing amount because "there was no substance or case specific facts used in the Complaint which followed the meeting." Id.

The Court disagrees with the Commissioner. With respect to the meeting itself, the Court does not question plaintiff counsel's assertion that it lasted 1.5 hours. Regarding preparation for the meeting, the Court is unequally unmoved that one hour of preparation is excessive or unreasonable. Therefore, the Court denies the Commissioner's request for this reduction.

### 3. Preparation of Various Court Forms

On February 20, 2004, plaintiff's counsel billed 0.2 hours for preparing "various court forms." Fischer Decl. at 4. The Commissioner argues that "these are the types of tasks for which Plaintiff's counsel is not entitled to compensation." Def. Br. at 11.

The Court disagrees with the Commissioner that it is unreasonable for plaintiff's counsel to spend 12 minutes preparing (and reviewing) forms submitted to the Court. Therefore, the Court denies the Commissioner's request for this reduction.
`

4.     Fact Section of Summary Judgment Motion

Plaintiff's counsel billed a total of 10.5 hours for drafting and revising the fact section of Plaintiff's Motion for Summary Judgment. Fischer Decl. at 4. The Commissioner contends that Plaintiff's Motion for Summary Judgment makes the same arguments as those set forth in plaintiff's statement to the Appeals Council. Def. Br. at 13. The Commissioner, however, admits that Plaintiff's Motion for Summary Judgment is more detailed than the statement, but argues that most of the additions come from "block quotes" taken from the administrative record. Id. at 13-14.

The Court disagrees with the Commissioner's contention that the statement to the Appeals Council and the fact section of Plaintiff's Motion for Summary Judgment are nearly identical. In the statement to the Appeals Council, plaintiff's argument focused almost exclusively on the ALJ's reliance on Dr. Lewis's testimony and the ALJ's rejection of Dr. Gregory's testimony in determining plaintiff's residual functional capacity. See Tr. 8-14. In contrast, the fact section of Plaintiff's Motion for Summary Judgment provides a detailed factual overview of the case. Because of the significant differences between these submissions, the Court concludes that the Commissioner's argument is without merit, and the Court rejects the Commissioner's request for this reduction.

5.     Argument Section of Summary Judgment Motion

Between August 25, 2004 and September 8, 2004, plaintiff's counsel billed a total of 19.5 hours for researching and drafting the argument section of Plaintiff's Motion for Summary Judgment. Fischer Decl. at 4. The Commissioner requests a reduction to 12.0 hours on various grounds. Def. Br. at 17.

First, the Commissioner contends that plaintiff's explanation of the burden of proof "contains boilerplate language." Id. at 14.  Second, the Commissioner contends that plaintiff's argument regarding the evaluation of her sarcoidosis "is taken almost verbatim" from the statement to the Appeals Council. Id. at 15.  Third, the Commissioner points to plaintiff counsel's quotation of his own statement to the Appeals Council when disputing the ALJ's rejection of Dr. Gregory's testimony. Id.  On this issue, the Commissioner contends that "[t]his verbatim cut and paste . . . demonstrates that a billing of 19.5 hours for this legal section . . . is unreasonable." Id.  Fourth, the Commissioner contends that plaintiff's argument that the ALJ improperly credited Dr. Lewis rather than Dr. Gregory previously appeared in the statement to the Appeals Council and that it only raises a "routine disability issue of the proper weight given to treating doctors . . . ." Id. at 16.  Finally, the Commissioner makes a general argument that "the government is entitled to additional efficiency from experienced or able counsel." Id.

The Court agrees that the amount billed for preparing the Motion for Summary Judgment should be reduced.  To start, plaintiff's attorney stated that he maintains a caseload of "more than 500 cases" and has represented "thousands of individual clients" in Social Security cases. Fischer Decl. at 1-2. Based on these facts, the Court concludes that plaintiff's attorney is experienced in this field and the Commissioner is entitled to "additional efficiency."  The Court also concludes that some portions of the argument section of Plaintiff's Motion for Summary Judgment repeat, almost word-for-word, the arguments made in the statement to the Appeals Council.  Therefore, the Court concludes that counsel's request for 19.5 hours is unreasonable and should be reduced by one-third to 13.0 hours. See Hensley, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary. . . .").

      6.    <u>Plaintiff's Reply Brief</u>

Plaintiff's counsel billed a total of 6.0 hours for Plaintiff's Reply to the Commissioner's Motion for Summary Judgment. Fischer Decl. at 4. The Commissioner requests a reduction in the time billed to 4.0 hours because the Commissioner contends that the reply brief merely restates plaintiff's opening arguments and "demonstrates few, if any, previously unraised points. . . ." Def. Br. at 17.

The Court concludes that the Commissioner's argument is without merit, because plaintiff's reply brief specifically addresses arguments raised in the Commissioner's Motion for Summary Judgment. Thus, the Court concludes that counsel's request for 6.0 hours is reasonable, and the Court rejects the Commissioner's request for this reduction.

      7.    <u>EAJA Brief</u>

On August 26 and 27, 2005, plaintiff's counsel billed 2.0 hours for the preparation and writing of the EAJA brief. Fischer Decl. at 4. The Commissioner has requested a one-hour reduction because "the EAJA petition is a form motion which contains boilerplate sections pertinent to any EAJA petition. . . ." Def. Br. at 17.

The Court rejects the Commissioner's position. The Court agrees with the Commissioner in that counsel's brief contains some "boilerplate sections," but, even in light of that fact, the Court concludes that counsel's request for 2.0 hours is reasonable. Therefore, the Court rejects the Commissioner's request for this reduction.

**III.     CONCLUSION**

For the foregoing reasons, the Court concludes that the Commissioner's position was not substantially justified and, as a result, plaintiff's counsel is entitled to fees under the EAJA. Because counsel's request for fees is unreasonable with respect to the argument portion of Plaintiff's Motion for Summary Judgment, the Court reduces the requested billable hours from 43.60 to 37.10 hours. Based on the uncontested billable rate of $158.02 per hour, plaintiff's counsel is entitled to $5,862.54 in attorney's fees plus $50.00 in court costs.

**BY THE COURT:**

_/s/ Honorable Jan E. DuBois_
**JAN E. DUBOIS, J.**